# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MARVIN R. MULLINGS**
**United States Army, Appellant**

ARMY 20140079

Headquarters, Fort Stewart
John T. Rothwell and William L. Deneke, Military Judges
Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant: Lieutenant Colonel Jonathan Potter, JA; Major Christopher D. Coleman, JA; Captain Amanda R. McNeil Williams, JA (reply brief); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien, JA (on brief).

14 January 2016

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of abusive sexual contact and one specification of soliciting prostitution in violation of Articles 120 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 934 (2012). The panel sentenced appellant to a bad-conduct discharge and confinement for six months. The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, both requiring discussion and relief. We find the matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), however, to be meritless.

## BACKGROUND

In preparation for a unit deployment, appellant was temporarily staying at the on-post hotel at Fort Stewart. Mrs. S.R.C. was part of the cleaning staff at the hotel and was designated to clean appellant's hotel room. On the day in question, appellant was inside his hotel room while Mrs. S.R.C. was cleaning the bathroom.

As Mrs. S.R.C. knelt over the bathtub to wipe it down, appellant walked into the bathroom and knelt behind Mrs. S.R.C., pinning her against the bathtub with his body while grabbing the rim of the bathtub. Mrs. S.R.C. protested - telling appellant to get off her - but he did not. Instead, appellant pressed his penis into her buttocks and simultaneously reached around the front of Mrs. S.R.C. moving his right hand between her right armpit and the right side of her torso to the front of her body - and held a stack of money in front of Mrs. S.R.C.'s face stating, "This is for you." When appellant reached his hand around Mrs. S.R.C.'s body to show her the money, he "grazed" her right breast with his arm. Mrs. S.R.C. again told appellant to get off her. Appellant said "okay," got up, and left the bathroom. Soon after, Mrs. S.R.C. ran downstairs and told her supervisor what happened. Appellant was apprehended shortly thereafter.

Appellant was found guilty of two specifications of abusive sexual contact in violation of Article 120, UCMJ. The first specification, Specification 1 of Charge I, alleged sexual contact by appellant when he pressed his penis against Mrs. S.R.C.'s buttocks and caused her bodily harm by "leaning against her back." The other specification, Specification 2 of Charge I, alleged:

> [Appellant], U.S. Army, did, at or near Fort Stewart,
> Georgia, on or about 6 May 2013, commit sexual
> contact upon [Mrs. S.R.C.], to wit: touching the
> breast of [Mrs. S.R.C.] with his hand, by causing
> bodily harm upon her, to wit: reaching his forearm
> around her torso.

Appellant contends on appeal that Specification 2 of Charge I should not stand. We agree for several reasons.

Appellant was also found guilty of one specification of soliciting prostitution in violation of Article 134, UCMJ. The Specification of Charge II alleged:

> [Appellant], U.S. Army, did, at or near Fort Stewart,
> Georgia, on or about 6 May 2013, wrongfully solicit
> [Mrs. S.R.C.] to commit the offense of prostitution,
> by offering her money in exchange for sexual
> intercourse, and that said conduct was to the

prejudice of good order and discipline in the armed
forces and was of a nature to bring discredit upon
the armed forces.

Appellant asserts the government failed to prove appellant's wrongful
solicitation of prostitution was prejudicial to good order and discipline.  We agree.

## LAW AND DISCUSSION

*Legal and Factual Sufficiency, Specification 2 of Charge I*

Article 66(c), UCMJ, establishes our statutory duty to review a record of trial
for legal and factual sufficiency de novo.  *United States v. Walters*, 58 M.J. 391, 395
(C.A.A.F. 2003).  Under Article 66(c), we may affirm only those findings of guilty
that we find correct in law and fact and determine, based on the entire record, should
be affirmed.  *Id*.  The test for legal sufficiency of the evidence is whether, viewing
the evidence in a light most favorable to the government, a fact-finder could
rationally have found all the essential elements of an offense beyond a reasonable
doubt.  *Jackson v. Virginia*, 443 U.S. 307, 3019 (1979); *United States v. Blocker*, 32
M.J. 281, 284-85 (C.M.A.1991).  In weighing factual sufficiency, we apply "neither
a presumption of innocence nor a presumption of guilt."  *United States v.
Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).   "[A]fter weighing the evidence in
the record of trial and making allowances for not having personally observed the
witnesses, [we must be] convinced of the [appellant's] guilt beyond a reasonable
doubt."  *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).  In resolving
questions of legal sufficiency, this court is "bound to draw every reasonable
inference from the evidence of record in favor of the prosecution."  *United States v.
Craion*, 64 M.J. 531, 534.

To sustain a conviction for Specification 2 of Charge I, abusive sexual
contact, the government must prove beyond a reasonable doubt that appellant caused
Mrs. S.R.C. bodily harm as it was charged – specifically "reaching his forearm
around [Mrs. S.R.C.'s] body."  The military judge defined 'bodily harm' as any
offensive touching of another, however, slight, including any nonconsensual sexual
act or nonconsensual sexual contact.

An abusive sexual contact offense occurs when "[a]ny person . . . who
commits or causes sexual contact upon or by another person, if to do so would
violate subsection (b) (sexual assault) had the sexual contact been a sexual act."
*Manual for Courts-Martial, United States* (2008 ed.)[hereinafter *MCM*], pt. IV, ¶
45(d).  To prove "sexual contact," the government was required to show appellant
touched Mrs. S.R.C.'s breast with the "*intent to abuse, humiliate, or degrade any
person*."  *See MCM*, pt. IV, ¶ 41.(g)(2) (emphasis added).  Wrongful sexual contact
is a specific-intent crime.

3

While appellant's acts are repugnant, the evidence is insufficient to prove appellant possessed the specific intent to abuse, humiliate, or degrade any person when he *"grazed" Mrs. S.R.C.'s breast* with his hand or arm as he reached around her. It appears the grazing was coincidental, if not accidental, to his act of reaching around her body for the purpose of showing her the cash.

Even if we were to find appellant possessed specific intent, we are also at a loss as to how appellant's "reaching" rather than the actual sexual contact itself constitutes bodily harm to Mrs. S.R.C.. We find government's argument that the touching of the breast is *implied* in the reaching unpersuasive.[*]

*The Conjunctive Terminal Element, the Specification of Charge II*

The government witnesses testified about the command's response to appellant's misconduct, including that appellant's unit was pending a deployment and processing his misconduct was a distractor as the unit prepared for their rotation. The witnesses also described unit personnel shortages and how losing appellant caused hardship on the unit. The witnesses, however, did not describe how the underlying misconduct – namely solicitation of prostitution – created a direct effect on good order and discipline. *See MCM*, pt. IV, ¶ 60.c(2)(a) ('"To the prejudice of good order and discipline' refers only to acts directly prejudicial to good order and discipline and not to acts which are prejudicial only in a remote or indirect sense").

That said, the government adequately established the conduct was service discrediting. We will, therefore, dismiss the language "was to the prejudice of good order and discipline and" from the Specification and affirm the remainder of it.

**CONCLUSION**

The finding of guilty of Specification 2 of Charge I is set aside and that Specification is DISMISSED. The court affirms only so much of the finding of guilty of the Specification of Charge II, as finds that:

> [Appellant], U.S. Army, did, at or near Fort Stewart,
> Georgia, on or about 6 May 2013, wrongfully solicit
> [Mrs. S.R.C.] to commit the offense of prostitution, by
> offering her money in exchange for sexual intercourse,

---

[*] Because the evidence falls short regarding specific intent, we do not reach the issue of unreasonable multiplication of charges. We also make no judgment on the issue of non-fatal variance argued by the government.

> and that said conduct was of a nature to bring discredit
> upon the armed forces.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape that might cause us pause in reassessing appellant's sentence. The military judge merged the two Article 120 offenses for sentencing purposes. While appellant was tried and sentenced by members, the nature of the remaining offenses still capture the gravamen of the original offenses and the circumstances surrounding appellant's conduct. Based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, members would have imposed a sentence of at least that which was adjudged. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

Reassessing the sentence based on the noted errors and entire record, we AFFIRM the sentence as adjudged. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

5